UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JASON RICHARD EIDAM,

               Plaintiff,                     Case No. 1:20-cv-538

v.                                      Honorable Paul L. Maloney

KENT COUNTY et al.,

               Defendants.

_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint as frivolous.

## Discussion

### I.      Factual allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the G. Robert Cotton Correctional Facility (JCF) in Jackson, Jackson County, Michigan. Plaintiff sues Kent County and Kent County Sheriff's Deputies Terry Lecuier and Tod

Summerhays.  Plaintiff further sues the City of Niles, Michigan, the Niles City Police Department, and Niles Police Officers Nathan Adamczyk and Unknown Nolan.[1]  Plaintiff also sues Children's Protective Services (CPS) Investigator Halie Micheal and Sand Lake Police Officer Ryan Morin.

Plaintiff alleges that on February 28, 2020, while he was incarcerated, his wife died. The following day, with Plaintiff in prison and his wife deceased, Defendant Micheal of CPS moved Plaintiff's minor children into the custody of Plaintiff's 19-year-old stepdaughter.  Plaintiff asserts that he was not consulted about his children's placement, and that he did not give permission to place his children in the custody of his stepdaughter.

Plaintiff alleges that in the month that followed his wife's death, he faced several problems working with Defendant Micheal. Plaintiff alleges that he called Defendant Halie and stated that he wanted his children placed in the custody of his aunt, Sherrill Watson.  Plaintiff further told Defendant Micheal that his stepdaughter had been abusive toward her mother and was otherwise unfit to take custody.  Plaintiff contends that Defendant Micheal should have investigated his accusations but she did not.  Additionally, weeks passed, Plaintiff asserts, before he learned of his children's location.

After Defendant Micheal gave Plaintiff the children's location, Watson and Plaintiff's father traveled from Texas to see Plaintiff's children.  With the knowledge that Watson and Plaintiff's father were traveling to see Plaintiff's children, Defendant Micheal directed them to request police presence while meeting with the children.  Watson and Plaintiff's father complied, and Defendants Lecuier, Summerhays, and Morin answered the request.  Watson and Plaintiff's father also apparently intended to take custody of Plaintiff's children with the consent

---

[1] Although Plaintiff lists the City of Niles, Niles City Police Department, Nathan Adamcazyk, and Unknown Nolan as defendants, the Court notes that Plaintiff utterly fails to allege any facts involving these defendants in the complaint.

of Plaintiff.  However, it is not clear that anyone beyond Plaintiff, his father, and Watson knew this part of the plan until after Watson and Plaintiff's father arrived.

After his father and Watson arrived and met Defendants Lecuier, Summerhays, and Morin, Plaintiff alleges that he joined the meeting by speakerphone.  Plaintiff asserts that Watson had a notarized document indicating that he had given her power of attorney.  Watson and Plaintiff told Defendants Lecuier, Summerhays, and Morin that they believed the children were in danger. Plaintiff and Watson further requested the officers' assistance so that Watson could take custody of the children.  Defendants Lecuier, Summerhays, and Morin allegedly refused to assist Watson take custody of the children without a court order.  Ultimately, Watson and Plaintiff's father returned to Texas without the children.

Plaintiff asserts that at some point afterward, photos of one of his children appeared on Facebook showing two black eyes.  Watson sent the photos to Defendant Micheal, but Plaintiff alleges that she did not investigate his children's well-being.

Plaintiff seeks injunctive relief and damages in the amount of $300,000 against each Defendant.

## II.     Jurisdiction

Federal courts are courts of limited jurisdiction and may exercise only those powers authorized by Constitution and statute.  *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994); *see United States ex rel. Poteet v. Medtronic, Inc.,* 552 F.3d 503, 510 (6th Cir. 2009). Therefore, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen,* 511 U.S. at 377 (citations omitted).  The first and fundamental question presented by every case brought to the federal courts is whether it has jurisdiction to hear a case, even where the parties concede or do not raise or address the issue.  *See Bender v. Williamsport Area Sch. Dist.,* 475 U.S. 534, 541

(1986); *see also American Telecom Co., L.L.C. v. Republic of Lebanon,* 501 F.3d 534, 537 (6th Cir. 2007) ("Subject matter jurisdiction is always a threshold question."). Plaintiff has the burden of proving this court's jurisdiction. *See Giesse v. Secretary of Dep't of Health & Human Servs.,* 522 F.3d 697, 702 (6th Cir. 2008).

For nearly a century and a half, the Supreme Court has held that the federal courts lack jurisdiction over questions of divorce, alimony, or child custody. *See Barber v. Barber,* 62 U.S. 582, 584 (1858). "Even when brought under the guise of a federal question action, a suit whose subject is domestic relations generally will not be entertained in a federal court." *Firestone v. Cleveland Trust Co.,* 654 F.2d 1212, 1215 (6th Cir. 1981). "The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the state and not to the laws of the United States." *In re Burrus,* 136 U.S. 586, 593-94 (1890); *see Lommen v. McIntyre,* 125 F. App'x 655, 658 (6th Cir. 2005); *Partridge v. Ohio,* 79 F. App'x 844, 845 (6th Cir. 2003) ("Federal courts have no jurisdiction to resolve domestic relations disputes involving child custody or divorce."); *Danforth v. Celebrezze,* 76 F. App'x 615, 616 (6th Cir. 2004) ("[F]ederal courts lack jurisdiction where the action is a mere pretense and the suit is actually concerned with domestic relations issues."). The Supreme Court has consistently reaffirmed the longstanding doctrine that the federal courts lack power to issue divorce, alimony and child-custody decrees. *See Ankenbrandt v. Richards,* 504 U.S. 689, 703-07 (1992). Consequently, this Court is powerless to address questions relating to the appropriate custody or visitation rights regarding Plaintiff's children.

Plaintiff has not satisfied his burden to establish this Court has jurisdiction over the action. "Plaintiff, as the party invoking federal subject-matter jurisdiction, has the burden of persuading the court that all the requirements necessary to establish standing to bring this lawsuit

4

have been met." *Courtney v. Smith,* 297 F.3d 455, 459 (6th Cir. 2002) (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1997)).  In this case, CPS is a program within a state agency and tasked with protecting children.  *See* Mich. Dep't of Health & Hum. Servs., *Children's Protective Services*,   https://www.michigan.gov/mdhhs/0,5885,7-339-73971_7119_50648---,00.html   (last visited Aug. 19, 2020).  CPS made a decision to place Plaintiff's children in the custody of his stepdaughter.  Although Plaintiff brings this action under § 1983 to assert that his civil rights have been violated, the core of his claims challenge the custody decision made by the State.  *C.f. Partridge*, 79 F. App'x at 845.  This Court does not have jurisdiction to review such claims.  *See Danforth*, 76 F. App'x at 616.  Thus, this Court lacks jurisdiction to review directly the custody or parental-rights decision that Plaintiff is attempting to challenge through this lawsuit.

## III.     Frivolity

An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Brown v. Bargery*, 207 F.3d 863, 866 (2000); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  Claims that lack an arguable or rational basis in law include claims for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which clearly does not exist; claims that lack an arguable or rational basis in fact describe fantastic or delusional scenarios.  *Neitzk*e, 490 U.S. at 327-28; *Lawler*, 898 F.2d at 1199.  Additionally, a Court may dismiss a case as frivolous if "there is 'no possible ground upon which a reasoned argument can be made to sustain [ ] jurisdiction.'"  *Cohen v. Corr. Corp. of Am.*, 439 F. App'x 489, 492 (6th Cir. 2011) (quoting *De La Garza v. De La Garza*, 91 F. App'x 508, 509 (7th Cir. 2004)).  An *in forma pauperis* complaint may not be dismissed, however, merely because the court believes that the plaintiff's allegations are unlikely.  *Id.*

In this case, the Court is unable to identify any grounds upon which Plaintiff could make a reasoned argument on which to sustain jurisdiction. Accordingly, the Court will dismiss the complaint as frivolous.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed as frivolous, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:   August 28, 2020                          /s/ Paul L. Maloney
                                                  Paul L. Maloney
                                                  United States District Judge

6